(247 P.3d 681)
No. 103,176

STANLEY L. SHRADER, *Appellant*, v. KANSAS DEPARTMENT OF REVENUE, *Appellee*.

Opinion filed January 21, 2011.

*Daniel C. Walter*, of Ryan, Walter & McClymont, Chtd., of Norton, for appellant.

*James G. Keller*, of Legal Services Bureau, of Kansas Department of Revenue, for appellee.

Before McANANY, P.J., MARQUARDT and CAPLINGER, JJ.

CAPLINGER, J.: Stanley L. Shrader appeals the district court's decision affirming the Kansas Department of Revenue's (KDOR's) suspension of his driving privileges following his refusal to submit to an alcohol breath test. Shrader claims the district court erred in affirming the suspension because the arresting officer failed to satisfy the conditions of K.S.A. 8-1001(b) before requesting a breath test. We agree and reverse the district court's order and reinstate Shrader's driving privileges.

## FACTUAL AND PROCEDURAL BACKGROUND

While patrolling early in the morning of June 6, 2008, Oberlin City Police Officer Bradley Burmaster observed a van driven by Shrader make a left hand turn without using a turn signal. Through

past encounters with Shrader and discussions with other officers, Burmaster knew Shrader's driver's license had been suspended. Burmaster activated his emergency lights and eventually stopped Shrader as he pulled into his driveway.

When Shrader got out of his van, he looked toward Burmaster's patrol car and then began walking toward his house. Burmaster identified himself as a police officer and asked Shrader to stop. According to Burmaster, Shrader exhibited poor balance and his breath smelled noticeably of alcohol. In response to Burmaster's questioning, Shrader acknowledged he had consumed a couple of drinks earlier that night. Burmaster requested Shrader's driver's license and proof of insurance. Shrader had difficulty producing the documents but eventually presented an expired insurance card and a driver's license he identified as "no good." Upon further questioning, Shrader explained his driver's license was suspended.

Based on his observations, Burmaster asked Shrader to submit to field sobriety testing and a preliminary breath test, but Shrader refused both tests. Burmaster arrested Shrader for driving with a suspended license and transported him to the Decatur County Sheriff's Office. There, Burmaster gave Shrader the implied consent advisories and asked him to submit to an alcohol breath test on the Intoxilyzer 8000. Shrader refused.

After the KDOR suspended Shrader's driving privileges based on his refusal to submit to the requested breath test, Shrader sought judicial review, arguing: (1) He was not under arrest at the time of his refusal to submit to a breath test, (2) if he was under arrest, it was for driving with a suspended license, and not "for an offense involving operation or attempted operation of a motor vehicle while under the influence of alcohol, drugs or both," and (3) the officer lacked reasonable grounds to believe he had been operating or attempting to operate a vehicle while under the influence of alcohol or drugs, or both.

In affirming Shrader's suspension, the district court found that Burmaster handcuffed Shrader and informed him he was under arrest for driving with a suspended license; therefore, it was clear that Shrader was under arrest at the time of his test refusal. Additionally, the district court found Burmaster had reasonable

grounds to believe Shrader had been operating his vehicle while under the influence of alcohol at the time of his arrest. Finally, the district court concluded that in a driver's license suspension proceeding, a district court is not permitted to consider the reason for an individual's arrest or the timing of the arrest.

Shrader now seeks reversal of the district court's ruling.

## DISCUSSION

On appeal, Shrader argues the district court erred in concluding (1) Officer Burmaster had reasonable grounds to believe Shrader was operating a vehicle while under the influence of alcohol, and (2) Shrader had been arrested or otherwise taken into custody for an offense involving the operation or attempted operation of a vehicle while under the influence of alcohol or drugs, or both.

Specifically, Shrader challenges the district court's application of K.S.A. 8-1001(b), which at the time of Shrader's test refusal provided in relevant part:

"(b) A law enforcement officer shall request a person to submit to a test or tests deemed consented to under subsection (a) if the officer has reasonable grounds to believe the person was operating or attempting to operate a vehicle while under the influence of alcohol or drugs, or both, or to believe that the person was driving a commercial motor vehicle, as defined in K.S.A. 8-2,128, and amendments thereto, while having alcohol or other drugs in such person's system, or was under the age of 21 years while having alcohol or other drugs in such person's system; *and* one of the following conditions exists: (1) The person has been arrested or otherwise taken into custody for any offense involving operation or attempted operation of a vehicle while under the influence of alcohol or drugs, or both, or for a violation of K.S.A. 8-1567a, and amendments thereto, or involving driving a commercial motor vehicle, as defined in K.S.A. 8-2,128, and amendments thereto, while having alcohol or other drugs in such person's system, in violation of a state statute or a city ordinance; or (2) the person has been involved in a vehicle accident or collision resulting in property damage, personal injury or death. The law enforcement officer directing administration of the test or tests may act on personal knowledge or on the basis of the collective information available to law enforcement officers involved in the accident investigation or arrest." (Emphasis added.)

When a driver seeks judicial review of the KDOR's suspension of his or her driving privileges, the district court conducts a trial de novo to "take testimony, examine the facts of the case and determine whether the petitioner is entitled to driving privileges or

whether the petitioner's driving privileges are subject to suspension, cancellation or revocation." K.S.A. 2009 Supp. 8-259(a); see K.S.A. 2009 Supp. 8-1020(p). At trial, the driver bears the burden of proof to establish that the KDOR's decision should be set aside. K.S.A. 2009 Supp. 8-1020(q).

Generally, we apply a substantial competent evidence standard in reviewing a driver's license suspension. *Martin v. Kansas Dept. of Revenue*, 285 Kan. 625, 629, 176 P.3d 938 (2008). Under this standard, we must determine whether the district court's factual findings are supported by substantial competent evidence. Substantial evidence possesses both relevance and substance and furnishes a substantial basis of fact from which the issues may be resolved. *Nickelson v. Kansas Dept. of Revenue*, 33 Kan. App. 2d 359, 362, 102 P.3d 490 (2004). In reviewing the record for substantial competent evidence, we do not revisit a district court's determinations with respect to the weight of conflicting evidence or reassess witness credibility. *In re Estate of Hjersted*, 285 Kan. 559, 571, 175 P.3d 810 (2008).

We then determine, independently, whether the district court's factual findings are sufficient to support its legal conclusions. *Poteet v. Kansas Dept. of Revenue*, 43 Kan. App. 2d 412, 415, 233 P.3d 286 (2010). To the extent our review of the district court's suspension decision requires interpretation of K.S.A. 8-1001(b), our review is unlimited. *Foster v. Kansas Dept. of Revenue*, 281 Kan. 368, 374, 130 P.3d 560 (2006).

*The district court's finding that Officer Burmaster had reasonable grounds to believe Shrader was operating a vehicle while under the influence of alcohol is supported by substantial competent evidence.*

Shrader first challenges the district court's determination that Officer Burmaster had reasonable grounds under K.S.A. 8-1001(b) to request that Shrader submit to a breath test.

K.S.A. 8-1001(b) first requires that before an officer requests a person to submit to testing, the officer must have "reasonable grounds to believe the person was operating or attempting to operate a vehicle while under the influence of alcohol or drugs, or both." K.S.A. 2007 Supp. 8-1001(b).

"This court has equated 'reasonable grounds' with 'probable cause.' [Citation omitted.]" *Sullivan v. Kansas Dept. of Revenue*, 15 Kan. App. 2d 705, 707, 815 P.2d 566 (1991). Probable cause is the quantum of evidence that would lead a reasonably prudent police officer to believe that guilt is more than a mere possibility. *Campbell v. Kansas Dept. of Revenue*, 25 Kan. App. 2d 430, 431, 962 P.2d 1150, *rev. denied* 266 Kan. 1107 (1998).

Accordingly, a law enforcement officer has "reasonable grounds to believe" that a person is operating or attempting to operate a vehicle while under the influence of alcohol or drugs if, under the totality of the circumstances, a reasonably prudent police officer would believe that the person's guilt is more than a mere possibility. *Bruch v. Kansas Dept. of Revenue*, 282 Kan. 764, 775-76, 148 P.3d 538 (2006); *Poteet*, 43 Kan. App. 2d at 416.

Here, Burmaster testified that when Shrader first got out of his vehicle he appeared unaware that he was being subjected to a traffic stop. He looked toward Burmaster's patrol car, which had its emergency lights activated, and began walking toward his house. Further, Burmaster testified that Shrader exhibited poor balance, his breath smelled moderately of alcohol, he admitted to having a couple of drinks, and he slurred his speech.

Burmaster's observations established reasonable grounds to believe Shrader had operated his vehicle while under the influence of alcohol. See *Campbell*, 25 Kan. App. 2d at 431-32 (finding reasonable grounds after defendant committed traffic infraction in the early morning, his breath smelled of alcohol, and his eyes were glazed/bloodshot); *Sullivan*, 15 Kan. App. 2d at 707 (finding reasonable grounds after defendant committed a traffic infraction, officer observed open beer can, and defendant smelled of alcohol and failed field sobriety tests).

Accordingly, we conclude substantial competent evidence supports the district court's finding that Burmaster had reasonable grounds to believe Shrader operated a vehicle while under the influence of alcohol.

*The district court erred in determining that Shrader had been arrested or otherwise taken into custody for an offense involving op-*

*eration or attempted operation of a motor vehicle while under the influence of alcohol or drugs, or both.*

Even if an officer has reasonable grounds to believe a person is operating or attempting to operate a vehicle while under the influence, one of the following conditions must also exist before the officer is required to request testing pursuant to K.S.A. 2007 Supp. 8-1001:

"(1) The person *has been arrested or otherwise taken into custody for any offense involving operation or attempted operation of a vehicle while under the influence of alcohol or drugs, or both* . . . in violation of a state statute or a city ordinance; *or* (2) the person has been involved in a vehicle accident or collision resulting in property damage, personal injury or death." (Emphasis added.) K.S.A. 2007 Supp. 8-1001(b).

Shrader points out that he was arrested for driving with a suspended license and not for an offense involving operation or attempted operation of a vehicle while under the influence of alcohol or drugs, or both. Thus, he contends the district court erred in finding that Officer Burmaster met the requirements of K.S.A. 8-1001(b) before requesting that Shrader submit to a breath test.

The State cites *State v. Counseller*, 22 Kan. App. 2d 155, 159, 912 P.2d 757, *rev. denied* 260 Kan. 997 (1996), to support its argument that K.S.A. 8-1001(b)(1) does not require that the defendant be arrested for an alcohol- or drug-related offense.

In *Counseller*, the defendant was arrested for reckless driving and transported to the sheriff's department. The arresting officer noted the odor of alcohol on the defendant's breath, gave the defendant the implied consent advisories, and asked him to submit to a breath test. The defendant submitted, and his test revealed a breath alcohol concentration of .197. The State subsequently charged the defendant with driving under the influence in violation of K.S.A. 8-1567. 22 Kan. App. 2d at 156.

Relying on *State v. Brunner*, 211 Kan. 596, 507 P.2d 233 (1973), *disapproved on other grounds by State v. Murry*, 271 Kan. 223, 21 P.3d 528 (2001), the district court in *Counseller* suppressed the breath test results. The court construed K.S.A. 1995 Supp. 8-1001 to allow suspension of a driver's license for refusal to take a blood test " 'only when a driver is arrested or otherwise taken into custody

for an offense involving the operation of a motor vehicle while under the influence of intoxicating liquor.' " 22 Kan. App. 2d at 156. The district court reasoned that because the defendant was arrested for reckless driving rather than an alcohol-related traffic offense, the implied consent advisory was coercive and invalid. 22 Kan. App. 2d at 156.

The *Counseller* panel disagreed with the district court's reliance on *Brunner*'s interpretation of K.S.A. 1995 Supp. 8-1001(b), which, although not identical to the current statute, contained the same language relevant to the issue in this appeal. 22 Kan. App. 2d at 157. The panel concluded:

"Subsection (b)(1) of the statute requires that before a test is requested two conditions must be met: (a) an arrest arising out of the operation of a vehicle for any offense in violation of a state statute or a city ordinance and (b) reasonable grounds to believe the driver was under the influence. The district court's interpretation of '[t]he person has been arrested . . . for any offense involving operation . . . of a vehicle while under the influence,' would render wholly redundant the requirement that the 'officer has reasonable grounds to believe the person was operating a vehicle while under the influence of alcohol.' K.S.A. 1995 Supp. 8-1001(b)(1). While 'reasonable grounds' is synonymous in meaning with 'probable cause,' [citation omitted], one may have reasonable grounds to believe that a person was operating a vehicle under the influence but not have the probable cause required to arrest under K.S.A. 1995 Supp. 8-1001(b)(1). An arresting officer may formulate reasonable grounds sufficient to request a test under the statute before or after arrest and, under K.S.A. 1995 Supp. 8-1001(b)(2), without any arrest whatsoever.

"Additionally, the phrase 'any offense involving operation . . . of a vehicle while under the influence of alcohol' in K.S.A. 1995 Supp. 8-1001(b)(1) makes clear that the statute's reach is not limited to motorists arrested for a per se alcohol or drug offense that would impair one's ability to operate a motor vehicle safely." 22 Kan. App. 2d at 158-59.

The *Counseller* panel also rejected the defendant's argument that such an interpretation of subsection (b) was inconsistent with the plain language of K.S.A. 1995 Supp. 8-1001(h)(1) which provided, in relevant part, that upon a test refusal the officer must certify that " 'the person was in custody or arrested for an alcohol or drug related offense.' " *Counseller*, 22 Kan. App. 2d at 159-60. The panel reasoned:

"Counseller assumes from the text of K.S.A. 1995 Supp. 8-1002(h) that 'arrested for an alcohol or drug related offense' means an arrest for driving under the influence or some other specific category of criminal statutes. We disagree. We believe the determination as to whether an offense was alcohol or drug related may be made subsequent to an arrest. There is nothing within the text of the statute that suggests otherwise, and Counseller has been unable to provide any other authority for his assertion." 22 Kan. App. 2d at 159-60.

Thus, according to the *Counseller* panel, an arrest for any offense involving the "operation or attempted operation" of a motor vehicle would satisfy the requirement in K.S.A. 2007 Supp. 8-1001(b)(1) that the defendant was arrested for an alcohol- or drug-related offense. We find such a conclusion inconsistent with the plain language of the statute as well as with case law interpreting the statute.

As discussed, the plain language of K.S.A. 2007 Supp. 8-1001(b) sets out two conditions that must exist before an officer requests implied consent testing. First, the officer must have reasonable grounds to believe the person was operating or attempting to operate a motor vehicle while under the influence of alcohol or drugs, or both. Additionally, the person must have been *either* (1) "arrested or otherwise taken into custody for any offense involving operation or attempted operation of a vehicle while under the influence of alcohol or drugs, or both . . . in violation of a state statute or a city ordinance," *or* (2) "involved in a vehicle accident or collision resulting in property damage, personal injury or death." K.S.A. 2007 Supp. 8-1001(b).

We read the plain language of K.S.A. 2007 Supp. 8-1001(b)(1) to require an arrest for an alcohol-related driving offense rather than simply requiring an arrest for any offense involving operation of a motor vehicle. Our interpretation of K.S.A. 2007 Supp. 8-1001(b) is consistent with case law. See, *e.g., State v. Jones*, 279 Kan. 71, 80, 106 P.3d 1 (2005) (emphasizing that K.S.A. 8-1001 *et seq.* " 'allow[s] the evidentiary testing of individuals who have been arrested for DUI or involved in a vehicle accident' "); *State v. Gray*, 270 Kan. 793, 799, 18 P.3d 962 (2001) (same); *Sullivan*, 15 Kan. App. 2d at 706-07 (concluding that defendant's license could be suspended "only if (1) the law enforcement officer had reasonable grounds to believe Sullivan operated a vehicle while under the

influence of alcohol, (2) he was arrested for an alcohol-related offense, (3) he was presented the required oral and written notices, and (4) he refused to submit to the requested test").

Because the conditions necessary to request testing under K.S.A. 2007 Supp. 8-1001(b) had not been met when Officer Burmaster requested that Shrader submit to a breath alcohol test, the district court erred in affirming the administrative suspension of Shrader's license.

Reversed and Shrader's driving privileges are reinstated.