No. 103,176

STANLEY L. SHRADER, *Appellant*, v. KANSAS DEPARTMENT OF REVENUE, *Appellee*.

(290 P.3d 549)

Opinion filed December 14, 2012.

*Daniel C. Walter*, of Ryan, Walter & McClymont, Chtd., of Norton, argued the cause and was on the briefs for appellant.

*John D. Shultz*, of Legal Services Bureau, Kansas Department of Revenue, argued the cause, and *James G. Keller*, of the same office, was on the briefs for appellee.

The opinion of the court was delivered by

NUSS, C.J.: Stanley L. Shrader appeals from an administrative action by the Kansas Department of Revenue (KDOR) suspending his driving privileges for 1 year under K.S.A. 2007 Supp. 8-1014(a). Per this statute, privileges can be suspended for refusing to take a breath test the arresting officer is authorized to request under K.S.A. 2007 Supp. 8-1001(b).

The district court relied upon *State v. Counseller*, 22 Kan. App. 2d 155, 912 P.2d 757, *rev. denied* 260 Kan. 997 (1996), to affirm the administrative suspension. But the *Shrader* Court of Appeals panel disagreed with their colleagues on the *Counseller* panel, reversed the district court, and reinstated Sloop's driving privileges. *Shrader v. Kansas Dept. of Revenue*, 45 Kan. App. 216, 247 P.3d 681 (2011). So we granted KDOR's petition for review under K.S.A. 20-3018(b) to resolve the split between the two panels.

We essentially agree with the *Shrader* panel. We conclude the officer's authority under K.S.A. 2007 Supp. 8-1001(b)(1) to request Shrader to take the breath test depends upon an arrest for an alcohol-related driving offense—rather than simply an arrest for any offense involving operation of a motor vehicle. Shrader was not arrested for an alcohol-related driving offense but for driving on a suspended license. So Shrader's refusal to take a breath test the officer had no statutory authority to request cannot be the basis for suspending his driving privileges under K.S.A. 2007 Supp. 8-1014(a). Because we affirm the *Shrader* panel, we must also reverse *Counseller*, reverse the district court, and reinstate Shrader's driving privileges.

## FACTS

The essential facts are straightforward. Oberlin Police Officer Bradley Burmaster witnessed Stanley Shrader execute a left turn without a turn signal at about 1:30 a.m. on June 6, 2008. Burmaster recognized Shrader and knew that he was driving on a suspended

license. Burmaster activated his lights and stopped Shrader's van as Shrader pulled into his driveway.

Shrader exited his van and was a little unsteady on his feet while taking several steps to close the van door. He then stared directly at Burmaster and started walking toward his house. Burmaster approached Shrader and detected a "moderate" smell of alcohol on his breath. According to Burmaster, Shrader "did not seem to be aware that I was conducting a traffic stop, although I was right behind him in his driveway." In response to Burmaster's questions, Shrader admitted consuming a couple of drinks earlier that night.

Burmaster requested a license and proof of insurance. Shrader returned to his van, produced a black briefcase, and sorted through its contents. He eventually produced an expired proof of insurance and a driver's license. Shrader told Burmaster that the license was "no good" and eventually said that the license was suspended.

After Shrader produced the expired insurance card, Burmaster asked Shrader to stand near his van while he called the stop into dispatch. Shrader then asked Burmaster to "just go ahead and take [him] in." Burmaster declined and asked Shrader to wait for about 5 minutes while he called for backup.

After backup arrived, Burmaster asked Shrader to perform field sobriety tests. Shrader responded, "Let me ask you this, what am I being arrested for?" Burmaster replied, "At this point you're not under arrest, but, at the very least, driving on a suspended license is an arrestable offense." Shrader then stated, "Go ahead and take me in, then."

Instead of arresting Shrader, Burmaster continued trying to persuade him to take a field sobriety test and a preliminary breath test. Shrader declined. Burmaster then arrested Shrader, placed him in the back of the police car, and drove him to the station. There Burmaster read Shrader the implied consent advisories set out at K.S.A. 2007 Supp. 8-1001 and asked him to submit to an evidentiary breath test as authorized under K.S.A. 2007 Supp. 8-1001(b). Shrader refused the evidentiary breath test, an Intoxilyzer 8000.

The KDOR revoked Shrader's driving privileges under K.S.A. 2007 Supp. 8-1014(a) for his refusal to submit to the breath test. Shrader requested judicial review. At the district court hearing,

when Burmaster was asked why he arrested Shrader, he responded, "For driving while suspended." The district court ultimately affirmed Shrader's suspension, relying upon *Counseller*, 22 Kan. App. 2d 155.

The Court of Appeals panel concluded that under the plain language of K.S.A. 2007 Supp. 8-1001(b) a driver must be arrested for an alcohol-related driving offense before the officer is authorized to request the breath test. Because the panel concluded there was insufficient evidence to conclude that Shrader was arrested for such an offense, *e.g.*, driving under the influence of alcohol (DUI), it reversed the district court and reinstated Shrader's driving privileges. *Shrader*, 45 Kan. App. 2d at 224.

We granted KDOR's petition for review. Our jurisdiction is under K.S.A. 60-2101(b) and K.S.A. 20-3018(b).

ANALYSIS

Issue 1: *Officer Burmaster did not meet the conditions necessary to authorize him to request the breath test under K.S.A. 2007 Supp. 8-1001(b).*

## Standard of Review

The parties disagree whether Shrader was arrested for an offense required under K.S.A. 2007 Supp. 8-1001(b) in order to authorize an officer to request the evidentiary breath test. Statutory interpretation is a question of law, and this court's review is unlimited. Accordingly, we are not bound by the lower courts' interpretations. *State v. Hopkins*, 295 Kan. 579, Syl. ¶ 1, 285 P.3d 1021 (2012).

### Discussion

By Kansas statute, any person who operates or attempts to operate a vehicle in this state is deemed to have given consent to submit to one or more tests of the person's blood, breath, urine, or other bodily substance to determine the presence of alcohol or drugs. K.S.A. 2007 Supp. 8-1001(a). Subsection (b) of that statute establishes the conditions, some in the alternative, that a law enforcement officer must meet to obtain authority for requesting such tests. Because Officer Burmaster arrested Shrader and claimed he had reasonable grounds to request the later breath test

(the Intoxilyzer 8000), two of the statute's conditions apply to this case:

"(b) A law enforcement officer shall request a person to submit to a test or tests deemed consented to under subsection (a) if [First] *the officer has reasonable grounds to believe* the person was operating or attempting to operate a vehicle while under the influence of alcohol or drugs, or both . . . and [Second] one of the following conditions exists: (1) the person has been *arrested* or otherwise taken into custody *for any offense involving operation or attempted operation of a vehicle while under the influence of alcohol or drugs, or both,* . . . in violation of a state statute or a city ordinance . . . ." (Emphasis added.) K.S.A. 2007 Supp. 8-1001(b).

Shrader challenges the existence of both of these italicized conditions, which is within the scope of the matters allowed at the administrative hearing and thus within the reviewing courts' purview. Under K.S.A. 2007 Supp. 8-1020(h)(1), those matters are "(A) A law enforcement officer had reasonable grounds to believe the person was operating or attempting to operate a vehicle while under the influence of alcohol or drugs, or both," and "(B) the person was in custody or arrested for an alcohol or drug related offense."

At oral arguments, the parties addressed a number of points concerning both of these conditions. But we only need to examine one of Shrader's contentions because we agree with him—and it is dispositive. And here is why.

We begin by acknowledging Officer Burmaster arrested and handcuffed Shrader at the scene. Under our facts the arrest itself was a necessary condition for Burmaster to later request Shrader to take the Intoxilyzer test at the station. See K.S.A. 2007 Supp. 8-1001(b) ("the person has been arrested . . . for any offense involving operation or attempted operation of a vehicle while under the influence of alcohol or drugs, or both").

Today we decided in *Sloop v. Kansas Dept. of Revenue,* No. 103,334, that the arrest required in 8-1001(b) must be a lawful one in order to authorize the arresting officer to request the breath test. In Shrader's case, there is no dispute about the lawfulness of his arrest. Rather, the dispute is whether Shrader's lawful arrest

for driving on a suspended license can meet the statutory condition required to authorize the test request.

Like the district court, the KDOR relies upon *Counseller*, 22 Kan. App. 2d 155, to claim the officer authorization. In *Counseller* the driver was arrested for reckless driving and taken to the sheriff's department. There, the deputy smelled alcohol on Counseller's breath and, after providing the implied consent advisories, requested he perform a breath test. Counseller's test produced a result of .197. He was then additionally charged with the offense of driving under the influence of alcohol per K.S.A. 1995 Supp. 8-1567.

The district court in *Counseller* essentially interpreted K.S.A. 1995 Supp. 8-1001(b)(1) to allow suspension for refusal to take a test "only when a driver is arrested or otherwise taken into custody for an offense involving the operation of a motor vehicle while under the influence of intoxicating liquor." 22 Kan. App. 2d at 156. Because the deputy did not arrest Counseller for an alcohol-related traffic offense, the court concluded his implied consent advisory was coercive and invalid.

The Court of Appeals panel reversed the district court. It too interpreted K.S.A. 1995 Supp. 8-1001(b). Although not identical to the current statute, it contained the same language relevant to our issue on appeal. The panel concluded:

"The language of the statute does not support the construction given it by the district court. Subsection (b)(1) [now (b)(1)(A)] of the statute requires that before a test is requested two conditions must be met: (a) *an arrest arising out of the operation of a vehicle for any offense in violation of a state statute or a city ordinance* and (b) reasonable grounds to believe the driver was under the influence." (Emphasis added.) *Counseller*, 22 Kan. App. 2d at 158.

The *Counseller* panel explained its holding as follows:

"The district court's interpretation of '[t]he person has been arrested . . . for any offense involving operation . . . of a vehicle while under the influence,' would render wholly redundant the requirement that the 'officer has reasonable grounds to believe the person was operating a vehicle while under the influence of alcohol.' K.S.A. 1995 Supp. 8-1001(b)(1). While 'reasonable grounds' is synonymous in meaning with 'probable cause,' [citation omitted] one may have reasonable grounds to believe that a person was operating a vehicle under the influence but not have the probable cause required to arrest under K.S.A. 1995 Supp. 8-

1001(b)(1). An arresting officer may formulate reasonable grounds sufficient to request a test under the statute before or after arrest and, under K.S.A. 1995 Supp. 8-1001(b)(2), without any arrest whatsoever.

"Additionally, the phrase '*any offense* involving operation . . . of a vehicle while under the influence of alcohol' in K.S.A. 1995 Supp. 8-1001(b)(1) *makes clear that the statute's reach is not limited to motorists arrested for a per se alcohol or drug offense that would impair one's ability to operate a motor vehicle safely.*" (Emphasis added.) *Counseller*, 22 Kan. App. 2d at 158-59.

The panel further rejected Counseller's argument that its conclusion was inconsistent with the plain language of K.S.A. 1995 Supp. 8-1001(h)(1). That subsection provided, in relevant part, that the officer must certify after a test refusal that " 'the person was in custody or arrested for an alcohol or drug related offense.' " 22 Kan. App. 2d at 159.

In rejecting this argument, the *Counseller* panel reasoned:

"Counseller assumes from the text of K.S.A. 1995 Supp. 8-1002(h) that 'arrested for an alcohol or drug related offense' means an arrest for driving under the influence or some other specific category of criminal statutes. We disagree. We believe the determination as to whether an *offense was alcohol or drug related may be made subsequent to an arrest.* There is nothing within the text of the statute that suggests otherwise, and Counseller has been unable to provide any other authority for his assertion." *Counseller*, 22 Kan. App. 2d at 159-60.

The *Shrader* panel interpreted *Counseller* to mean that an arrest for "any offense" involving the operation or attempted operation of a motor vehicle would satisfy the requirement in K.S.A. 2007 Supp. 8-1001(b)(1) that the defendant was arrested for an alcohol- or drug-related offense. 45 Kan. App. 2d at 223. But the *Shrader* panel disagreed with its *Counseller* colleagues:

"We read the plain language of K.S.A. 2007 Supp. 8-1001(b)(1) to require an arrest for an alcohol-related driving offense rather than simply requiring an arrest for *any* offense involving operation of a motor vehicle." (Emphasis added.) 45 Kan. App. 2d at 223.

We agree with the *Shrader* panel. The fundamental rule of statutory interpretation to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. Its intent is to be derived in the first place from the words used. *State v. Hendrix*, 289 Kan. 859, Syl. ¶ 2, 218 P.3d 40 (2009). When statutory language is plain and unambiguous, there is no

need to resort to statutory construction. *Steffes v. City of Lawrence*, 284 Kan. 380, Syl. ¶ 2, 160 P.3d 843 (2007). An appellate court merely interprets the language as it appears; it is not free to speculate and cannot read into the statute language not readily found there. 284 Kan. 380, Syl. ¶ 2.

The condition at issue that must be met before the officer is authorized to request the breath test under K.S.A. 2007 Supp. 8-1001(b) is stated by the legislature as follows:

"[T]he person has been arrested or otherwise taken into custody for any offense involving operation or attempted operation of a vehicle while under the influence of alcohol or drugs, or both, . . . in violation of a state statute or a city ordinance."

The *Counseller* panel's interpretation of this same phrase—that the mandatory condition is instead an "arrest arising out of the operation of a vehicle for *any* offense in violation of a state statute or a city ordinance"—ignores the statute's plain language. More specifically, it reads the limiting language out of the statute.

This interpretation may have reflected the *Counseller* panel's conclusion that the district court's reading of K.S.A. 1995 Supp. 8-1001(b)(1) ("the person has been arrested . . . for any offense involving operation . . . of a vehicle while under the influence") was redundant with the condition mentioned earlier in subsection (b). 22 Kan. App. 2d at 158. More specifically, that condition in subsection (b) somewhat similarly states that "the officer has reasonable grounds to believe the person was operating a vehicle while under the influence of alcohol."

We not only conclude that the *Counseller* panel was wrong to disregard the plain language of 8-1001(b)(1), but we also conclude that the two provisions—(b) and (b)(1)—can peacefully coexist. Redundancy, if any, is legislatively purposeful. Simply put, under K.S.A. 8-1001(b), if (1) the officer believes the person is *operating or attempting to operate a vehicle while under the influence of alcohol or drugs, or both*, and (2) the officer arrests the person *for any offense involving operation or attempted operation of a vehicle while under the influence of alcohol or drugs, or both*, then (3) the officer becomes authorized to request the test.

KDOR appears to take an additional approach in urging us to affirm the district court's decision upholding the suspension. This approach acknowledges that, while Shrader was arrested for driving on a suspended license, in the alternative he was "otherwise taken into custody for any offense involving operation or attempted operation of a vehicle while under the influence of alcohol or drugs, or both." See K.S.A. 2007 Supp. 8-1001(b)(1) ("the person has been arrested or otherwise taken into custody").

The problem is this alternative approach was not sufficiently presented to the Court of Appeals panel, which probably explains why the panel's opinion does not mention it. We additionally observe that Shrader has never addressed such an approach in any of his appellate briefs, which suggests he and his counsel did not consider it sufficiently presented either. Considering these factors together, we conclude the panel was given no fair opportunity to address it. So it is not preserved for our review. Nor can it be raised for the first time at this level. See *Osterhaus v. Toth*, 291 Kan. 759, 794, 249 P.3d 888 (2011) (citing *Telegram Publishing Co. v. Kansas Dept. of Transportation*, 275 Kan. 779, 794, 69 P.3d 578 [2003]).

Similarly, on October 23, 2012, the day before oral arguments, KDOR filed a letter with this court under Supreme Court Rule 6.09(b) (2012 Kan. Ct. R. Annot. 49). The letter "advises the court of the following significant and relevant authority" and mentions a statute, K.S.A. 2011 Supp. 8-1002(a)(1)(B), which has been the law for more than 1 year. It additionally cites an October 5, 2012, decision and an October 19, 2012, decision by the Kansas appellate courts. Of the three authorities provided, only the latter decision is timely submitted for consideration by this court. Rule 6.09(b)(1)(A) provides:

> "(A) Before oral argument. Not later than 14 days before oral argument, a party may advise the court, by letter, of citation to persuasive and controlling authority that has come to the party's attention after the party's last brief was filed. *If a persuasive or controlling authority is published less than 14 days before oral argument, a party promptly may advise the court, by letter, of the citation.*" (Emphasis added.)

The October 19 decision, *Olson v. Kansas Dept. of Revenue*, No. 107,153, 2012 WL 5205620 (Kan. App. 2012) is an unpublished

decision from the Court of Appeals. KDOR cites the decision because *Olson* cites *Counseller*, 22 Kan. App. 2d 155, to support its holding. Because we have overruled *Counseller*, we find *Olson* unpersuasive.

The *Shrader* panel summarized well: "Because the conditions necessary to request testing under K.S.A. 2007 Supp. 8-1001(b) had not been met when Officer Burmaster requested that Shrader submit to a breath alcohol test, the district court erred in affirming the administrative suspension of Shrader's license." 45 Kan. App. 2d at 224.

The judgment of the Court of Appeals is affirmed. The judgment of the district court is reversed, and Shrader's driving privileges are reinstated.

MORITZ, J., not participating.

VAN HAMPTON, District Judge, assigned.