NOT DESIGNATED FOR PUBLICATION

No. 120,942

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JARROD SEMBELLO HARRIS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES CHARLES DROEGE, judge. Opinion filed March 27, 2020. Affirmed.

*Hope E. Faflick Reynolds*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GREEN and BUSER, JJ.

PER CURIAM:  Jarrod Sembello Harris appeals the district court's summary denial of his K.S.A. 60-1507 motion. The district court ruled that Harris' motion was untimely and that he failed to establish manifest injustice to overcome the one-year time limitation of K.S.A. 60-1507(f). Upon our review we find no error and, therefore, affirm the district court's judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2006, Harris pled guilty to attempted aggravated indecent liberties with a child in violation of K.S.A. 2006 Supp. 21-3301 and K.S.A. 2006 Supp. 21-3504. He was sentenced to prison and ordered to register as a sex offender under the Kansas Offender Reporting Act (KORA).

In 2011, after completing his prison sentence, Harris committed several new criminal offenses and, in keeping with a global plea agreement, pled guilty in four individual criminal cases. The district court initially granted Harris probation but subsequently revoked his probation after multiple violations. The district court ordered Harris to serve a prison sentence, but mistakenly failed to indicate that no postrelease period was to be served in keeping with K.S.A. 2010 Supp. 22-3716(e). As a result of their error, Harris was assigned a parole officer and served the 24-month postrelease term. The error was not corrected until 2017.

Prior to Harris' release from his prison sentence, he completed a form to comply with KORA requirements. Relevant to this appeal, Harris indicated on the form that upon his release from prison he would be residing in Olathe. But after Harris' release in 2013, and while serving the postrelease term, his parole officer discovered and reported that, in fact, Harris was living in a duplex in Overland Park.

This KORA violation resulted in a new criminal case, and Harris subsequently pled guilty to failing to report a change of address in violation of K.S.A. 2013 Supp. 22-4903. On January 8, 2014, Harris received a durational departure to 16 months in prison. He did not appeal his conviction or sentence.

On May 24, 2018, Harris filed a K.S.A. 60-1507 motion alleging ineffective assistance of counsel because his attorney failed to realize that he was not required to

2

serve a postrelease term when the district court revoked his probation. As a result of this error, Harris was assigned a parole officer who discovered that Harris violated the KORA registration requirement which led to his latest conviction.

The district court summarily denied Harris' K.S.A. 60-1507 motion because it was untimely. As calculated by the district court, the time to file the motion began to run on January 22, 2014, and expired on January 22, 2015—Harris did not file the motion until May 24, 2018. Moreover, the district court found that Harris failed to establish manifest injustice to overcome the one-year time limitation. Alternatively, the district court considered the merits of Harris' ineffective assistance of counsel claims and summarily rejected them.

ANALYSIS

Our standard of review provides: When the district court summarily dismisses a K.S.A. 60-1507 motion, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

Under K.S.A. 2019 Supp. 60-1507(f)(1), a prisoner demanding relief must file the motion within one year of either:

"(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or
"(B) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition."

A defendant who files a K.S.A. 60-1507 motion outside the one-year time limitation in K.S.A. 2019 Supp. 60-1507(f) and fails to affirmatively assert manifest injustice is procedurally barred from maintaining the action. *State v. Trotter*, 296 Kan.

3

898, 905, 295 P.3d 1039 (2013). Courts should reserve the manifest injustice exception for only rare and extraordinary cases. *Beauclair*, 308 Kan. at 302.

Pursuant to K.S.A. 2019 Supp. 60-1507(f)(2)(A), when determining whether a movant has shown manifest injustice, courts are "limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." To avoid the summary denial of a motion brought under K.S.A. 60-1507, the movant must support a claim with an evidentiary basis, which requires more than a bald assertion of actual innocence. A claim is "'colorable' if there is 'sufficient doubt' about [a movant's] guilt 'to undermine confidence' in his [or her] conviction 'without the assurance' that the conviction 'was untainted by constitutional error.'" 308 Kan. at 303. The Legislature defined actual innocence to mean that the prisoner must "show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2019 Supp. 60-1507(f)(2)(A).

Harris acknowledges that his motion was untimely but contends the district court erred in denying the motion because he provided multiple reasons to explain the delay in filing the motion and he asserted a colorable claim of actual innocence. We will consider the arguments in order.

REASONS FOR FAILING TO FILE A TIMELY MOTION

Harris did not file his K.S.A. 60-1507 motion until three years after appellate jurisdiction terminated. Harris acknowledged that his motion was untimely but provided the following explanation for his delay in filing the motion:

> "The movant not having [an] adequate legal team to research all the different issue[s] or question of law, that the movant would have to research. There is no possible way that trial court can hold the movant to the same standard as a professional attorney at law, that has paralegal teams and different lawyer[s] to help with research. The movant

4

has a learning disability in school, which are on record from his school years. Also the movant['s] availability to law material is limited due to being incarcerated."

Harris' motion counsel filed a supplemental pleading to his K.S.A. 60-1507 motion. In it, Harris asserted that from 2014 to 2016 he had been moved to and from multiple prisons which also made it difficult to discover the postrelease supervision error.

It is well settled that ignorance of the law does not constitute manifest injustice. "A prisoner's lack of legal knowledge, training, and familiarity with the rules of procedure fails to meet that standard." *Martinez v. State*, No. 120,488, 2019 WL 6798971, at *3 (Kan. App. 2019) (unpublished opinion), *petition for rev. filed* January 3, 2020. Moreover, "a pro se K.S.A. 60-1507 petitioner is in the same position as all other pro se civil litigants, and is required to be aware of and follow the rules of procedure that apply to all civil litigants, pro se or represented by counsel." *Guillory v. State*, 285 Kan. 223, 229, 170 P.3d 403 (2007).

Similarly, lack of access to a law library does not constitute grounds for a finding of manifest injustice:  "In one case, the movant emphasized his limited legal knowledge and access to a law library as well as 'his numerous transfers during his incarceration,' but our court determined that these conditions did not rise to the level of manifest injustice." *Conley v. State*, No. 111,777, 2015 WL 7434746, at *4 (Kan. App. 2015) (unpublished opinion) (quoting *Williams v. State*, No. 101,359, 2010 WL 174011, at *1 (Kan. App. 2010) [unpublished opinion]). In this case, Harris stated his ability to access legal materials was limited because he was incarcerated, but he did not assert that he did not have access or even limited access to a law library inside the prison. This is an insufficient basis to establish manifest injustice under *Conley*.

Additionally, while Harris' supplement to the motion stated that he had been moved from multiple prisons, it also stated that he had been residing in the same prison

5

since July 2016. Harris provides no explanation as to why he waited an additional two years to file his K.S.A. 60-1507 motion—until May 24, 2018. Even after the postrelease supervision error was corrected in 2017, Harris still could have filed this motion but did not do so until 2018.

Finally, Harris stated that he has a learning disability which is documented in his school records, but he did not specify the nature or extent of the learning disability or explain how it impaired his ability to file a timely motion. The school records are not described in his motion and they are not included in the record on appeal. See *Sherwood v. State*, 310 Kan. 93, 101, 444 P.3d 966 (2019) (finding the movant did not provide persuasive reasons for the delay by arguing that "the delay was caused by [movant's] learning disability; his inability to obtain legal assistance; and his inability to obtain record documents to support the motion"). On this record, Harris' reason is insufficient to establish manifest injustice.

In summary, we find that Harris has failed to assert persuasive reasons to explain why he did not file his K.S.A. 60-1507 motion in a timely manner.

COLORABLE CLAIM OF ACTUAL INNOCENCE

K.S.A. 2019 Supp. 60-1507 provides that a movant may also establish manifest injustice by presenting a colorable claim of actual innocence. As noted earlier, a movant must support such a claim with an evidentiary basis, which requires more than a bald assertion of actual innocence. A claim is "'colorable' if there is 'sufficient doubt' about [a movant's] guilt 'to undermine confidence' in his [or her] conviction 'without the assurance' that the conviction 'was untainted by constitutional error.'" *Beauclair*, 308 Kan. at 303.

6

Harris' motion alleges that his attorney who represented him in 2011 was ineffective for failing to realize that the 24-month postrelease supervision term was improperly imposed and failed to investigate whether the failure to register charge was true. However, the crux of Harris' argument is that because his postrelease supervision was improper, he should not have been assigned a parole officer. And, without an assigned parole officer, Harris claims his KORA violation would not have been have discovered.

Importantly, Harris does not assert in his K.S.A. 60-1507 motion that he is innocent of the crime of failing to register properly, only that he provided the Olathe address on the KORA registration form. Moreover, Harris' motion did not deny that he had been living in Overland Park. These factual inadequacies were duly noted by the district court which found that Harris "presented no evidence to establish he was actually living at . . . West 116th Street, Olathe, Johnson County, Kansas, the address he placed on his KORA registration certificate. . . . Mr. Harris has not, therefore, established actual innocence."

Harris also asserts that he made incriminating statements regarding his address to his parole officer without having been advised of *Miranda* warnings. Harris argues his statements should have been suppressed which would have frustrated the State's prosecution. But this is not a claim of actual innocence, only an assertion that the State would have had difficulty proving he committed the crime. See *State v. Davis*, No. 119,471, 2019 WL 2710179, at *3 (Kan. App. 2019) (unpublished opinion) ("While [the movant] claims 'actual innocence' he at no point suggests he did not commit the charged crimes or offer any new evidence to support such a claim. He merely argues issues with the State's evidence, which is not actual innocence."), *rev. denied* 310 Kan. ___ (December 18, 2019).

Moreover, assuming Harris' incriminating statements were suppressed, the State presented other evidence of Harris' failure to report that he was living in Overland Park at the preliminary hearing. The State presented a copy of Harris' rental lease for an apartment at the Overland Park address and the landlord of the Overland Park duplex testified that Harris signed a lease in 2012 to reside there. The records custodian for the Johnson County Sheriff's Office also confirmed that the KORA records indicated that Harris did not change his address from the Olathe address to the Overland Park address.

Finally, any claim that Harris is actually innocent is disproved by his guilty plea. At the plea hearing, Harris pled guilty to the charge and admitted there was a fair and accurate factual basis to support his conviction for violating KORA.

For all these reasons, we find that Harris has failed to show a colorable claim of actual innocence.

Because Harris has not met either prong of the manifest injustice standard, we hold that he is procedurally barred from raising his ineffective assistance of counsel claims. Although the district court alternatively considered and denied the merits of Harris' claims, we decline to review them given our finding of a procedural bar. In conclusion, the district court did not err in summarily denying the K.S.A. 60-1507 motion because Harris failed to show how consideration of the untimely motion was necessary to avoid a manifest injustice.

Affirmed.

8