IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 117,043

PATRICK WHIGHAM,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee.*

SYLLABUS BY THE COURT

1.

On judicial review of a hearing officer's order suspending a driver's license, K.S.A. 2019 Supp. 8-1020(p) grants a court the authority to consider and determine any constitutional issue, including the lawfulness of the law enforcement encounter that led to the suspension. And under K.S.A. 2019 Supp. 8-1020(o) through (q) a court may set aside a driver's license suspension order if the driver meets the burden of establishing the encounter was unlawful.

2.

A driver alleging an informed consent advisory relating to blood alcohol testing is coercive cannot establish that he or she was unduly coerced into consenting to or taking a test if the driver refused the test. The driver thus cannot show prejudice because of an allegedly defective informed consent advisory.

Review of the judgment of the Court of Appeals in an unpublished opinion filed on April 20, 2018. Appeal from Johnson District Court; GERALD T. ELLIOTT, judge. Opinion filed October 9, 2020. Judgment of the Court of Appeals affirming the district court is affirmed in part and reversed in part.

1

Judgment of the district court is affirmed in part and reversed in part, and the case is remanded with directions.

*Thomas J. Bath Jr.*, of Bath & Edmonds, P.A., of Overland Park, was on the briefs for appellant.

*Adam D. King,* of Kansas Department of Revenue, was on the briefs for appellee.

The opinion of the court was delivered by

LUCKERT, C.J.: The Kansas Department of Revenue (KDR) suspended Patrick Whigham's driver's license after he refused to submit to a breath test following his arrest for driving under the influence. In this appeal, Whigham has mainly pursued an argument that the district court erred by not suppressing evidence of this test refusal because law enforcement officers had violated his constitutional rights by entering his garage without a warrant and by initiating an encounter with him and then giving him a deficient implied consent advisory. But Whigham also argued that a court was statutorily authorized under K.S.A. 2019 Supp. 8-1020 to invalidate his suspension order because of the unlawful encounter. Considering Whigham's primary argument that the exclusionary rule should be applied, the district court and the Court of Appeals rejected his argument and affirmed the suspension of his driver's license without addressing whether the law enforcement encounter was unlawful. *Whigham v. Kansas Dept. of Revenue,* No. 117,043, 2018 WL 1884742, at *3, 7 (Kan. App. 2018) (unpublished opinion).

Today, we decide a case also dealing with the interpretation of K.S.A. 2019 Supp. 8-1020, but with a slightly different focus. In *State v Jarvis*, 312 Kan. ___, Syl. ¶ 1, ___ P.3d ___ (No. 119,116, this day decided), we hold that, on judicial review under K.S.A. 2019 Supp. 8-1020(p) of a hearing officer's order suspending a driver's license, a court may consider any constitutional issue, including the lawfulness of the law enforcement encounter. We also hold that, under K.S.A. 2019 Supp. 8-1020(o) through (q), a court

2

may set aside a driver's license suspension order if the driver meets the burden of establishing the encounter was unlawful. Under these holdings, a driver in Whigham's position may be able to get relief from an order of suspension without resort to the exclusionary rule.

Because Whigham preserved the argument we decide in *Jarvis*, we apply the *Jarvis* holding here. As a result, Whigham may argue his suspension order is invalid and should be set aside through this statutory remedy. We, therefore, reverse the district court and the Court of Appeals and remand Whigham's petition for review to the district court with directions that the court consider Whigham's contention that an unlawful law enforcement encounter underlies his suspension order. But we affirm the district court's and the Court of Appeals' conclusions that the implied consent advisory substantially complied with the applicable statute and that any defects in the statute that make the advisory coercive did not prejudice Whigham, who refused the blood alcohol test.

FACTUAL AND PROCEDURAL BACKGROUND

Whigham's law enforcement encounter arose when two Leawood police officers went to Whigham's neighborhood after receiving a tip about an erratic driver. The police spotted Whigham's Jeep, which matched the description given by the tipster. The Jeep was turned off and parked inside the open garage attached to Whigham's home. Whigham sat inside, hunched over the steering wheel.

Without obtaining a warrant, the police entered the garage. The officers spoke to Whigham and conducted sobriety tests in the driveway. Whigham did not perform well on the tests, smelled of alcohol, and admitted to drinking. The officers arrested Whigham for driving under the influence.

3

An officer provided Whigham with the July 2013 version of the DC-70 implied consent form. Whigham refused to provide a breath sample.

Whigham sought administrative review of the suspension. After a hearing, an administrative hearing officer entered an order of suspension.

Whigham then petitioned for judicial review in Johnson County District Court. He challenged the constitutionality of the law enforcement encounter, arguing the officers lacked reasonable suspicion to support the encounter and the officers lacked reasonable grounds or probable cause to believe he had been operating a vehicle while he was under the influence of alcohol or drugs. He also contended the officers violated his constitutional rights by entering his home without a warrant. Finally, he challenged the sufficiency of the implied consent advisories.

The district court refused to consider the constitutional issues, citing *Martin v. Kansas Dept. of Revenue*, 285 Kan. 625, 176 P.3d 938 (2008), *overruled on other grounds by City of Atwood v. Pianalto*, 301 Kan. 1008, 350 P.3d 1048 (2015). In part, *Martin* held the exclusionary rule allowing the suppression of unconstitutionally obtained evidence could not be used in a driver's license suspension proceeding. 285 Kan. at 646. The district court rejected Whigham's argument that legislative amendments to K.S.A. 2019 Supp. 8-1020(p) adopted in 2016 had effectively overruled this holding in *Martin*. The court also found that police had reasonable grounds to believe Whigham was operating a vehicle while under the influence of alcohol and the DC-70 advisories were sufficient. The district court affirmed the suspension.

Whigham timely appealed, and the Court of Appeals affirmed. *Whigham*, 2018 WL 1884742, at *7. Before the Court of Appeals, Whigham at first argued the 2016 legislative amendment overruled *Martin*'s holding that the constitutional exclusionary

4

rule could not be applied in driver's license suspension proceedings. See *Martin*, 285 Kan. at 639-44. But in his reply brief, he laid out the legislative history of the 2016 amendments and reasserted a broader argument he had presented to the district court in which he contended the court should invalidate the suspension because his encounter with law enforcement officers was unlawful.

The Court of Appeals panel held the 2016 amendments to K.S.A. 8-1020(p) did not overrule *Martin*'s exclusionary rule holding. *Whigham*, 2018 WL 1884742, at *3. It noted the lack of any "declarative language (allowing the suppression of illegally seized evidence)" in subsection (p). The panel reasoned that, had it been "the Legislature's intent to overrule the *Martin* holding or to allow the suppression of illegally seized evidence in administrative suspension hearings, the Legislature could have clearly expressed this intent." 2018 WL 1884742, at *3. The panel did not address whether the amendments statutorily authorized a court to invalidate and set aside a suspension order. The panel also held the implied consent advisories substantially complied with the statute and were sufficient. 2018 WL 1884742, at *6.

    1.  *Effect of 2016 Amendments to K.S.A. 2019 Supp. 8-1020*

As noted, the Court of Appeals' decision focuses on whether the 2016 amendment allowed application of the exclusionary rule. In contrast, in *Jarvis*, the Court of Appeals panel focused on whether the 2016 amendment to K.S.A. 8-1020(p) allowed a court to invalidate a suspension order because it flows from an unlawful law enforcement encounter. *Jarvis v. Kansas Dept. of Revenue*, 56 Kan. App. 2d 1081, 1096-98, 442 P.3d 1054 (2019), *aff'd* 312 Kan. ___, ___ P.3d ___ (No. 119,116, this day decided).

Both appeals arise in the context of a dispute over the effect of a 2016 amendment to K.S.A. 2019 Supp. 8-1020(p) that allows a court to "consider and determine any

constitutional issue, including, but not limited to, the lawfulness of the law enforcement encounter." In *Jarvis*, we explain the rubric courts use when interpreting a statute and the reasons applying that rubric led us to two holdings: First, on judicial review under K.S.A. 2019 Supp. 8-1020(p) of a hearing officer's order suspending a driver's license, a court may consider any constitutional issue, including the lawfulness of the law enforcement encounter. And, second, under K.S.A. 2019 Supp. 8-1020(o) through (q) a court may set aside a driver's license suspension order if the driver meets the burden of establishing the encounter was unlawful.

In reaching these holdings in *Jarvis*, we distinguish the reasoning of the Court of Appeals' decision in this appeal. We will not repeat the full analysis here. But we highlight a few points, beginning with a short discussion of the exclusionary rule that provides context for the distinction between the decisions of the *Jarvis* Court of Appeals panel and the *Whigham* panel.

Courts use the constitutional exclusionary rule to provide a remedy when a law enforcement officer's search or seizure of a person or property violates either the Fourth Amendment to the United States Constitution or § 15 of the Kansas Constitution Bill of Rights. See *Illinois v. Krull*, 480 U.S. 340, 347, 107 S. Ct. 1160, 94 L. Ed. 2d 364 (1987); *Martin*, 285 Kan. at 640. In *Martin*, the petitioner raised the exclusionary rule as an alternative route for relief if the court held that K.S.A. 8-1020 did not grant a hearing officer authority to invalidate a driver's license suspension order because the underlying law enforcement encounter was unconstitutional. The *Martin* court held a hearing officer did not have that authority. *Martin*, 285 Kan. at 631-32.

The *Martin* court turned to consideration of the alternative *judicially* created exclusionary rule only after first holding that the hearing officer lacked *statutory* authority under K.S.A. 8-1020(p) to invalidate a suspension order because of an

unconstitutional law enforcement encounter. But the *Martin* majority held no remedy was available because the constitutional exclusionary rule did not apply in driver's license suspension proceedings. 285 Kan. at 639-44. It was this holding that the *Whigham* panel addressed, determining it remained the law even after the 2016 amendment to K.S.A. 2019 Supp. 8-1020(p). 2018 WL 1884742, at *3.

In *Jarvis*, KDR, as it does here, asks us to adopt the *Whigham* panel's holding. But we decline to do so. As we state in *Jarvis*, even if the Legislature did not directly address the exclusionary rule or *Martin*'s holding prohibiting the rule's application in driver's license suspension proceedings, that "does not analytically impact our holding that a court can invalidate a suspension order because of an unlawful law enforcement encounter." *Jarvis*, 312 Kan. at ___, slip op. at 17. As we noted, jumping to application of the exclusionary rule skips the analytical steps of whether, under the 2016 amendment, a court can (1) consider the constitutionality of the law enforcement encounter and (2) employ a statutory remedy that essentially moots the need to apply the exclusionary rule.

These analytical steps underlie the holding in *Martin*. There, the driver raised the exclusionary rule as an alternative route for relief if the court held the statute did not grant authority to invalidate the order because the underlying law enforcement encounter was unconstitutional.

For reasons we set out in *Jarvis* and need not repeat here, we hold that the 2016 amendment to K.S.A. 2019 Supp. 8-1020(p) expresses a clear intent to give courts statutory authority to review, consider, and determine the constitutionality of the law enforcement encounter. This grant of authority provides access to the remedy identified in K.S.A. 2016 Supp. 8-1020(o) through (q) of invalidating the suspension order and setting it aside. In this way, the 2016 amendment statutorily provided a remedy—a

remedy available during court review—without need to resort to the constitutional exclusionary rule. *Jarvis*, 312 Kan. at ___, slip op. at 8-18.

While the *Jarvis* analysis follows a different analytical path than the one presented by Whigham in his initial brief to the Court of Appeals, his arguments in the district court, the Court of Appeals, and his petition for review raise the statutory authority grounds on which we decide *Jarvis*. Besides mentioning the issue, Whigham discussed it with enough detail to preserve the argument, albeit mostly in his response to KDR's reply brief in the Court of Appeals. Often, we would say that was too late. But here, KDR, as a party in *Jarvis*, has had a chance to fully brief the issue. See *State v. Toothman*, 310 Kan. 542, 547, 448 P.3d 1039 (2019) (stating general rule that courts should afford parties a fair opportunity to brief new issue and present positions before issue finally determined). As a result, we apply the holding in *Jarvis*. Cf. *State v. Ford*, 302 Kan. 455, 471, 353 P.3d 1143 (2015) ("[I]t is generally true that changes in the law apply prospectively and only to cases on direct review.").

Applying that holding, the district court erred by not considering Whigham's argument that his encounter with law enforcement officers in his garage was unlawful. Because the court did not consider this issue, it made no factual findings, and we cannot determine whether, as KDR contends, officers were conducting a welfare check when they entered Whigham's garage without a warrant. See *State v. Ellis*, 311Kan. 934, 469 P.3d 65 (2020) (discussing distinction between welfare check and detention). We, therefore, remand for further proceedings to allow the district court to consider whether the law enforcement encounter was lawful.

## 2. *Implied Consent Form Does Not Require Reversal*

The district court addressed the other issue raised by Whigham—that the implied consent form used by the officers was insufficient. The district court determined "[t]he implied consent notice provided by the officer pursuant to the DC-70, was proper." And the Court of Appeals panel held that the implied consent advisory substantially complied with the statute and was sufficient. 2018 WL 1884742, at *6.

Whether an implied consent advisory gives sufficient notice is a question of law subject to unlimited review. *Shrader v. Kansas Dept. of Revenue*, 296 Kan. 3, 6, 290 P.3d 549 (2012); *State v. Dale*, 293 Kan. 660, 662, 267 P.3d 743 (2011).

The DC-70 form used here is the July 2013 revision. The language of that form is nearly identical to the wording of K.S.A. 2015 Supp. 8-1001(k), which is the version of the statute in effect at the time of arrest. Compared against that statutory measure, the forms were sufficient. See *Creecy v. Kansas Dept. of Revenue*, 310 Kan. 454, 472, 447 P.3d 959 (2019) (implied consent advisory need not mirror the statutory language, substantial compliance is sufficient).

But Whigham complains about the coercive nature of paragraphs 1, 2, and 4. Paragraph 1 says submitting to a breath, blood, or urine test is required; paragraph 2 advises there is no constitutional right to refuse a test; and paragraph 4 warns of criminal sanctions for refusing a test. In *State v. Ryce*, 303 Kan. 899, 963, 368 P.3d 342 (2016), *aff'd on reh'g* 306 Kan. 682, 396 P.3d 711 (2017), and *State v. Nece*, 303 Kan. 888, 897, 367 P.3d 1260 (2016), *aff'd on reh'g* 306 Kan. 679, 396 P.3d 709 (2017), this court held that language threatening withdrawal of consent to blood alcohol testing was facially unconstitutional and coercive, and therefore any consent based on such language was unduly coercive.

9

Yet Whigham fails to explain how those decisions impact him. He must show some prejudice to receive relief. See *Meigs v. Kansas Dept. of Revenue*, 251 Kan. 677, 682, 840 P.2d 448 (1992) (substantial compliance with the statute may be insufficient if driver can show actual prejudice). But Whigham cannot say the informed consent advisory unduly coerced him into consenting to or taking a test he refused. He fails to establish prejudice. See *Creecy*, 310 Kan. at 473.

We, therefore, affirm the district court's and Court of Appeals' conclusions that any defect in the implied consent advisories do not provide a basis for invalidating the order suspending Whigham's driver's license.

CONCLUSION

We reverse the district court and Court of Appeals in part and affirm in part. We reverse the holdings that the district court could not consider the constitutionality of Whigham's encounter with law enforcement. And we remand to the district court with directions to make factual findings and determine whether Whigham's law enforcement encounter and arrest were lawful. But we affirm the district court's and the Court of Appeals' conclusions that the implied consent advisory substantially complied with the applicable statute and that any defects in the statute that make the advisory coercive did not prejudice Whigham who refused the blood alcohol test.

The judgment of the Court of Appeals affirming the district court is affirmed in part and reversed in part. The judgment of the district court is affirmed in part and reversed in part, and the case is remanded with directions.

10

MICHAEL E. WARD, Senior Judge, assigned.[1]

---

[1]**REPORTER'S NOTE:** Senior Judge Ward was appointed to hear case No. 117,043 under the authority vested in the Supreme Court by K.S.A. 20-2616 to fill the vacancy on the court by the retirement of Chief Justice Lawton R. Nuss.