NOT DESIGNATED FOR PUBLICATION

No. 118,677

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

SUSAN J. JANDA,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed September 7, 2018. Affirmed.

*Jonathan W. McConnell*, of McConnell Law Firm, P.A., of Wichita, for appellant.

*Adam D. King*, Kansas Department of Revenue, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON, J., and LORI BOLTON FLEMING, District Judge assigned.

PER CURIAM: Susan J. Janda appeals the district court's decision affirming the suspension of her driving privileges for refusing to submit to a blood alcohol and drug content test. The refusal here is based on the officer's request that Janda submit to a blood test after a breath test showed her blood-alcohol level to be under .08. Janda asserts that the district court erred in weighing the evidence and concluding that the arresting officer had reasonable grounds to request any test under K.S.A. 2017 Supp. 8-1001(b). Janda also argues for the first time on appeal that she received inadequate implied consent advisories because the officer waited an unreasonable amount of time to request the

1

blood test after giving her the advisories. Finding no error in the district court's decision, we affirm.

FACTUAL AND PROCEDURAL HISTORY

On June 11, 2016, Derby Police Officer Jacob Wallace served Janda with a notice of driver's license suspension—a DC-27 form—for refusing to submit to a blood alcohol and drug content test. In the DC-27 form, Wallace indicated that he conducted a traffic stop after observing Janda's vehicle speeding 41 mph in a 30 mph zone and for failing to yield the right of way to an emergency vehicle. Wallace also indicated on the form that he had reasonable grounds to believe Janda was operating her vehicle while under the influence of alcohol or drugs because of an odor of alcoholic beverages, alcoholic beverage containers in her vehicle, failed sobriety tests, bloodshot eyes, poor balance or coordination, and Janda's admission to consuming alcohol or drugs.

Janda timely requested an administrative hearing on her driver's license suspension with the Kansas Department of Revenue (KDOR). At the hearing, Janda argued Wallace lacked reasonable grounds to request any breath or blood test; her failed sobriety tests could not suggest alcohol or drug impairment because of her physical impairments; and Wallace lacked reasonable grounds to request a blood test after Janda passed a breath test. Janda subpoenaed Wallace, and he testified at the administrative hearing. The hearing officer noted that Janda had admitted to consuming one beer and one martini before the stop and to taking her prescription pain medication Oxycontin. The hearing officer also noted that Janda stated that she had several medical issues that affected her ability to take the field sobriety tests, including a recent knee replacement, foot surgery, and left hip and back concerns. The hearing officer ultimately concluded that Wallace had reasonable grounds to believe Janda was operating or attempting to operate her vehicle while under the influence of alcohol, drugs, or both.

2

In the district court, Janda testified that Wallace pulled over her vehicle for speeding. During the traffic stop, Wallace asked Janda to exit her vehicle to perform field sobriety tests. Janda stated that she told Wallace that she had recently undergone a knee replacement surgery and that she had scars from a back fusion and foot surgery. Janda stated that she could not recall whether she told Wallace that she had taken her prescription medication that day; however, Janda testified that she took her prescription medication at 5 or 6 a.m. that morning.

Janda was transported by Wallace to the police station where Wallace requested she take a breath test. Janda replied by instead requesting a blood test. Janda testified that Wallace told her several times that she was not entitled to a blood test. Janda was given a breath test which she passed with a reading of .072. Janda was nonetheless arrested. During her transport to the jail, Wallace asked Janda to submit to a blood test. Janda stated she thought Wallace was bullying her and she did not believe that he intended to give her a blood test. Janda testified that she could not recall how she responded to the request because she was afraid of Wallace, but she admitted she did not submit to a blood test. Wallace did not testify at the hearing in the district court, but the KDOR admitted the DC-27 form over Janda's objection.

After the hearing, Janda submitted a supplemental brief and argued that the evidence presented at the hearing contradicted Wallace's certified statements in the DC-27 form, that her physical disabilities prevented the failed sobriety tests from suggesting alcohol or drug impairment, and that Wallace lacked reasonable grounds to believe she was driving under the influence of alcohol or drugs. The district court affirmed Janda's driver's license suspension.

Janda timely appeals.

3

DID THE OFFICER HAVE REASONABLE GROUNDS TO BELIEVE
JANDA WAS OPERATING A VEHICLE UNDER THE INFLUENCE?

K.S.A. 77-601 et seq., the Kansas Judicial Review Act (KJRA), applies to judicial review of state agency decisions. K.S.A. 2017 Supp. 77-603(a). Appeals of agency decisions, including appeals from administrative suspensions of driver's licenses, to the district court are de novo. K.S.A. 2017 Supp. 8-259(a). On appeal from the district court, the party asserting the invalidity of the agency action—in this case, that would be Janda—has the burden of proof. K.S.A. 2017 Supp. 77-621(a)(1). With regard to factual determinations, on appeal, the reviewing court examines whether the decision of the district court is supported by substantial competent evidence. *Shrader v. Kansas Dept. of Revenue*, 45 Kan. App. 2d 216, 219, 247 P.3d 681 (2011), *aff'd* 296 Kan. 3, 290 P.3d 549 (2012). Substantial competent evidence means "such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion." *Drach v. Bruce*, 281 Kan. 1058, Syl. ¶ 2, 136 P.3d 390 (2006), *cert. denied* 549 U.S. 1278 (2007). Appellate courts will not reweigh evidence, make witness credibility determinations, or redetermine factual questions. *Mitchell v. Kansas Dept. of Revenue*, 32 Kan. App. 2d 298, 301, 81 P.3d 1258 (2004).

Whether reasonable grounds existed is a mixed question of law and fact. *Poteet v. Kansas Dept. of Revenue*, 43 Kan. App. 2d 412, 415, 233 P.3d 286 (2010). The district court's factual findings are reviewed to determine whether they are supported by substantial competent evidence, but the ultimate legal conclusions represent questions of law subject to unlimited review. See *Shrader*, 45 Kan. App. 2d at 219.

In Kansas, any person who operates or attempts to operate a vehicle within the state is considered to have given consent to one or more tests of his or her blood, breath, urine, or other bodily substances to determine the presence of alcohol or drugs. K.S.A. 2017 Supp. 8-1001(a). Law enforcement officers may only conduct these tests if,

"at the time of the request, the officer has reasonable grounds to believe the person was operating or attempting to operate a vehicle while under the influence of alcohol or drugs, or both . . . and . . . [t]he person has been arrested or otherwise taken into custody for any violation of any state statute, county resolution or city ordinance." K.S.A. 2017 Supp. 8-1001(b)(1)(A).

Any person who refuses to submit to a test requested under K.S.A. 2017 Supp. 8-1001(b) will have his or her driving privileges suspended. K.S.A. 2017 Supp. 8-1014.

To request any test for drugs or alcohol, the officer must have reasonable grounds to believe that the person was operating a vehicle while under the influence of alcohol or drugs. K.S.A. 2017 Supp. 8-1001(b)(1). "Kansas courts evaluate 'reasonable grounds' under probable cause standards." *Swank v. Kansas Dept. of Revenue*, 294 Kan. 871, Syl. ¶ 3, 281 P.3d 135 (2012). "'Probable cause is determined by evaluating the totality of the circumstances [meaning] there is no rigid application of factors and courts should not merely count the facts or factors that support one side of the determination or the other.' [Citations omitted.]" *Sloop v. Kansas Dept. of Revenue*, 296 Kan. 13, 20, 290 P.3d 555 (2012). Kansas courts also view the totality of the circumstances "through the lens of an objectively reasonable police officer." *State v. Keenan*, 304 Kan. 986, 994, 377 P.3d 439 (2016).

Kansas courts have held that an officer's statements in a properly certified DC-27 form are admissible without requiring the certifying officer to testify at the hearing. See *Pfeifer v. Kansas Dept. of Revenue*, 52 Kan. App. 2d 591, 601, 370 P.3d 1200, *rev. denied* 305 Kan. 1252 (2016); see also *State v. Baker*, 269 Kan. 383, 387-88, 2 P.3d 786 (2000).

Janda does not argue that the officer's certification or the admission of the DC-27 was improper. Instead, Janda argues the district court improperly weighed Wallace's statements in the DC-27 form in affirming her driver's license suspension. Janda's

5

argument is without merit. However, "[o]nce [the DC-27 is] admitted into evidence, it is up to the district court to determine how much weight to give the statements contained in a DC-27 as compared to the other evidence presented at trial." *Lonnberg v. Kansas Dept. of Revenue*, No. 115,957, 2017 WL 2901180, at *2 (Kan. App. 2017) (unpublished opinion).

It is the duty of the trier of fact—not the appellate court—to weigh evidence and make credibility determinations. *State v. Moore*, 269 Kan. 27, 30, 4 P.3d 1141 (2000); *In re Estate of Schneider*, 194 Kan. 223, 229-30, 398 P.2d 281 (1965); *Southwestern Bell Telephone v. APAC-Kansas, Inc.*, 36 Kan. App. 2d 299, 311, 138 P.3d 1238 (2006). Janda acknowledges that an appellate court does not reweigh evidence, assess the credibility of witnesses, or resolve conflicts in evidence when reviewing for substantial evidence. See *State v. Talkington*, 301 Kan. 453, 461, 345 P.3d 258 (2015).

Contrary to Janda's claim on appeal, the district court did review the DC-27 and the other evidence presented at the de novo hearing. The district court expressly held the statements in the DC-27 were sufficient to establish that Wallace had reasonable grounds to support the blood test request and that Janda's testimony did not meet her burden to prove that the agency action should be set aside. Thus, Janda's argument—that the district court erred in affording too much weight to statements in the properly certified DC-27 form—is without merit. Accordingly, we now consider whether the district court's ruling is supported by substantial competent evidence.

In the DC-27, Wallace stated that there were reasonable grounds to believe that Janda was driving under the influence because of an odor of alcoholic beverages, alcoholic beverage containers in the vehicle, failed sobriety tests, bloodshot eyes, poor balance or coordination, and admission to consuming alcohol or drugs. However, the Kansas Supreme Court has found that "an officer's sensory perceptions, such as the strength of the alcohol odor or the condition of the driver's eyes, are subject to an

6

imprecise personal opinion" and do not always indicate a person was driving with an illegal level of alcohol in his or her body, i.e., with a BAC over .08. *City of Wichita v. Molitor*, 301 Kan. 251, 266-67, 341 P.3d 1275 (2015). Notably, in *Molitor*, the driver passed two standardized field sobriety tests.

Kansas courts have also reasoned that a moving or speeding violation is more indicative of intoxication than an unlit tag light or nonworking headlamp violation. See *Sloop*, 296 Kan. at 22. Here, because Janda testified that she was pulled over for speeding, her speeding violation is a circumstance that supports the reasonable grounds determination in reviewing the totality of the circumstances.

Additionally, Janda argues that the officer lacked reasonable grounds because (1) the only circumstance Wallace could rely on in his reasonable grounds determination was the odor of alcoholic beverages in her vehicle and (2) the officer also could not use her standardized field sobriety test results to detect alcohol or drug impairment because of her physical impairments.

A. *The odor of alcohol*

In her first claim, Janda misstates the facts in arguing that Wallace detected an odor of alcohol coming from her vehicle. The DC-27 form only indicates that Wallace stated that he smelled an alcoholic beverage odor—it does not provide whether he smelled the odor on Janda's person or in her vehicle. As the KDOR argues, Janda also provides a questionable record citation to support her factual assertion; she does not cite to either the administrative or district court hearing but instead cites to her brief filed in the administrative proceeding. Kansas Supreme Court Rule 6.02(a)(4) (2018 Kan. S. Ct. R. 35) requires that a party's statement of facts be "keyed to the record on appeal by volume and page number. The court may presume that a factual statement made without a reference to volume and page number has no support in the record on appeal." See

7

*Frick v. City of Salina*, 290 Kan. 869, 879, 235 P.3d 1211 (2010) ("'Any material statement made without such a reference may be presumed to be without support in the record.'").

Even if Janda had properly supported her factual claim on appeal, the factual distinction does not necessarily impact the reasonable grounds determination because an officer may consider the odor of alcoholic beverages—whether arising from the vehicle or the driver's person—to support his or her reasonable grounds determination under K.S.A. 2017 Supp. 8-1001(b). See *Love v. Kansas Dept. of Revenue*, No. 112,135, 2015 WL 4879188, at *3-4 (Kan. App. 2015) (unpublished opinion) (citing *Nickelson v. Kansas Dept. of Revenue*, 33 Kan. App. 2d 359, 367, 102 P.3d 490 [2004]) (holding that strong alcohol odor from car supported officer extending traffic stop to further investigate driver for driving under influence); *Hower v. Kansas Dept. of Revenue*, No. 99,555, 2009 WL 248231, at *2-4 (Kan. App. 2009) (unpublished opinion) (strong odor of alcohol during encounter considered in reasonable grounds determination). Contrary to Janda's claim on appeal, the odor of alcohol was not the only factor Wallace considered for reasonable grounds to request an evidentiary test. Regardless of whether the odor of alcohol arose from Janda's person or her vehicle, we may consider this fact in the totality of the circumstances in support of a reasonable grounds determination.

B.    *The failed standardized field sobriety tests*

Next, Janda argued at the de novo trial that her physical disabilities prevented the officer from using her failed standardized field sobriety tests in the reasonable grounds determination. Janda does not dispute that she failed the field sobriety tests; rather, she argues her physical impairments made her results unreliable and prevented the officers from using her failed sobriety tests to detect alcohol or drug impairment. Janda supports her argument in part by citing to *State v. Larson*, 12 Kan. App. 2d 198, 737 P.2d 880 (1987).

8

But her reliance on *Larson* is misplaced. There, Larson told the officer that he had a defect in his left eye that prevented him from doing well on coordination and depth perception tests. On appeal, Larson argued that if a driver informs an officer he or she has a physical impairment—other than drunkenness—that will cause a failed sobriety test, the officer must have the driver perform another test that is not affected by the physical impairment. The *Larson* panel disagreed:

"Larson cites no authority for this proposition and we are aware of none. The assertion may be rejected for several reasons. First, the officer should not be required to believe everything a driver tells him or else drivers who are drunk might be able to escape detection if they can be inventive enough to avoid the tests. Second, the officer should not be free to devise new tests on the spot to try to avoid the asserted impairment. Such improvising could result in unreliable tests and would encourage discriminatory enforcement of the DUI laws. Finally, drivers who fail field sobriety tests due to impairments other than drunkenness will be protected by the results of the blood or breath testing performed following arrest." 12 Kan. App. 2d at 204.

Kansas courts that have applied *Larson* have considered the failed standardized field sobriety tests—despite the stated physical impairment—when reviewing whether the officer had probable cause to arrest or reasonable grounds to believe that the driver was driving under the influence. See *City of Dodge City v. Norton*, 262 Kan. 199, 204-05, 936 P.2d 1356 (1997) (applying *Larson* to probable cause to arrest where driver informed officer of knee impairments and prior surgeries and considered standardized field sobriety test result and impairments in analysis); *State v. Hester*, No. 108,842, 2013 WL 5870055, at *4 (Kan. App. 2013) (unpublished opinion) (holding based on *Norton* that officer not required to believe statement that driver unable to perform field sobriety tests due to war injury and being shot by ex-wife). Thus, Janda's argument is without merit, and we may consider Janda's failed field sobriety tests and her stated physical impairments when reviewing the totality of the circumstances.

C.      *Reviewing the totality of the circumstances*

Janda argues that the factual circumstances here are similar to *Chambers v. Kansas Dept. of Revenue*, 115,141, 2017 WL 1035442 (Kan. App. 2017) (unpublished opinion). In *Chambers*, the officer received information regarding a possible intoxicated driver. After following the vehicle for a short distance, the officer did not observe any typical clues of impairment. Rather, the officer initiated the stop for a tag light violation. Upon speaking with the driver, the officer smelled alcohol on his breath and the driver told the officer that he had consumed a few drinks. But the district court found the officer's testimony was not credible that the driver had bloodshot or watery eyes. The panel noted that the video of the stop confirmed that the driver did not slur his speech, was not argumentative, and did not say anything unusual. The driver also exited his vehicle without difficulty, did not stumble or lean on his truck, and walked without swaying. Additionally, the driver in *Chambers* refused the standardized field sobriety tests and the preliminary breath test. The *Chambers* panel held the officer lacked reasonable grounds to request an evidentiary breath test. 2017 WL 1035442, at *9.

While it is true that there are some limited similarities between the present case and *Chambers*, this case is factually distinguishable from *Chambers*. Here, it is uncontroverted that Wallace stated he detected an odor of alcohol during the stop, Janda admitted to consuming alcohol or drugs, Janda's speech was not slurred, and Wallace did not have trouble speaking with her. Additionally, the record indicates that Janda refused the preliminary breath test. However, there are also substantial, factual differences between the present case and *Chambers*. Here, the video of the traffic stop was not admitted into evidence at the de novo hearing and is not in the record on appeal, so we cannot review Janda's interactions with Wallace or Janda's balance or coordination during the stop. However, Janda was pulled over for speeding, Wallace saw alcoholic beverage containers in her vehicle, and Janda did not refuse the standardized field sobriety tests.

10

Additionally, substantial competent evidence supports the district court's ruling that the officer had reasonable grounds to request a blood test, and the district court did not err in affirming the suspension of Janda's driver's license. Here, Wallace pulled over Janda for speeding. Janda did not slur her words or have any difficulty speaking to Wallace; but she had bloodshot eyes, there was an odor of alcoholic beverage, and there were alcoholic beverage containers in her car. Janda admitted, and does not dispute on appeal, that she consumed alcohol or drugs before the traffic stop. Wallace stated Janda exhibited poor balance and coordination. Although Janda testified that she had physical impairments, Janda does not dispute that she failed the field sobriety tests, and this court may consider her test results and her physical impairments. See *Norton*, 262 Kan. at 204-05; *Larson*, 12 Kan. App. 2d at 204. Thus, Janda has failed to meet her burden to prove that the agency's action should be set aside. The DC-27 provided substantial, competent evidence to support that Wallace had reasonable grounds to request an evidentiary test under K.S.A. 2017 Supp. 8-1001(b).

### DID JANDA RECEIVE INADEQUATE IMPLIED CONSENT ADVISORIES?

Janda asserts that Wallace provided her with invalid oral and written implied consent advisories because he allowed an unreasonable length of time to pass between giving her the advisories and requesting the blood test. The KDOR argues that we should not consider this claim because Janda raises it for the first time on appeal. In response, Janda asserts that she raised several general objections to the validity of Wallace's blood test request which preserved her argument for appeal.

"In an appeal from a decision by an administrative agency, a party may only argue the issues raised at the administrative hearing. In turn, a district court may only review those issues litigated at the administrative level. [Citations omitted.]" *Kingsley v. Kansas Dept. of Revenue*, 288 Kan. 390, 411-12, 204 P.3d 562 (2009). K.S.A. 2017 Supp. 77-617

specifically limits when issues may be raised for the first time in the judicial review of an administrative decision:

"A person may obtain judicial review of an issue that was not raised before the agency, *only to the extent that*:

"(a) The agency did not have jurisdiction to grant an adequate remedy based on a determination of the issue;

"(b) the agency action subject to judicial review is a rule and regulation and the person has not been a party in adjudicative proceedings which provided an adequate opportunity to raise the issue;

"(c) the agency action subject to judicial review is an order and the person was not notified of the adjudicative proceeding; or

"(d) the interests of justice would be served by judicial resolution of an issue arising from:

"(1) A change in controlling law occurring after the agency action; or

"(2) agency action occurring or first reasonably knowable to the person after the person exhausted the last feasible opportunity for seeking relief from the agency." (Emphasis added.)

This court has also stated K.S.A. 2017 Supp. 77-617 "limits new issues being raised on judicial review of administrative actions, and if the issue sought to be asserted is not among those listed in the statute as permissible for appellate consideration despite not having been raised in the agency, we will decline to consider the issue." *In re Tax Appeal of Dillon Real Estate Co.*, 43 Kan. App. 2d 581, Syl. ¶ 4, 228 P.3d 1080 (2010). None of the allowed situations in K.S.A. 2017 Supp. 77-617 apply here.

Generally, issues not raised before the district court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). But appellate courts recognize three exceptions to the general rule:

12

"'(1) The newly asserted claim involves only a question of law arising on proved or admitted facts and is determinative of the case; (2) consideration of the claim is necessary to serve the ends of justice or to prevent the denial of fundamental rights; and (3) the district court is right for the wrong reason.' [Citations omitted.]" *State v. Gomez*, 290 Kan. 858, 862, 235 P.3d 1203 (2010).

A party who raises a claim for the first time on appeal is required to explain why the appellate court should consider the claim. *State v. Godfrey*, 301 Kan. 1041, 1043-44, 350 P.3d 1068 (2015); Supreme Court Rule 6.02(a)(5) (2018 Kan. S. Ct. R. 34).

At the administrative hearing, Janda did not contest whether the oral or written implied consent advisories were inadequate. Janda did not challenge the adequacy of the advisories in her petition for review or in her supplemental brief following the de novo trial. And, she does not argue why we should consider her argument for the first time on appeal.

Finally, Janda's record citations in her brief reference her testimony that Wallace asked her to submit to a blood test while transporting her to the jail and that she challenged whether Wallace's sarcastic or insincere blood test request would render her subsequent refusal invalid. In other words, the record citations Janda provides do not support that she raised the claim below. Therefore, we decline to reach the merits of her claim because it is improperly raised for the first time on appeal.

Affirmed.

\* \* \*

ATCHESON, J., concurring:  Susan J. Janda has challenged the Kansas Department of Revenue's administrative suspension of her driver's license based on her refusal to take a blood test at the request of Derby Police Officer Jacob Wallace. Throughout the proceedings, Janda has asserted Wallace lacked reasonable grounds to believe she was

13

driving under the influence and, therefore, to ask her to submit to a blood-alcohol test. Janda bore the burden of proving to the Sedgwick County District Court by a preponderance of the evidence that Wallace did not have reasonable grounds. She didn't come close to satisfying her burden, so we should affirm the suspension on that basis. While affirming the district court, the majority doesn't zero in on that burden or its decisiveness here.

On appeal, Janda offers an alternative argument that Wallace waited too long after arresting her to ask for the blood test. As the majority points out, Janda failed to raise her claim of undue delay in the district court. She did not include it in the petition she filed in the district court seeking review of the administrative law judge's ruling upholding her suspension. See *Kingsley v. Kansas Dept. of Revenue*, 288 Kan. 390, 405-06, 204 P.3d 562 (2009). Nor did she bring it up during the district court hearing, although that arguably would have been too late. Janda wants us to consider the argument anyway. But she offers no exceptional circumstance warranting deviation from the general rule that we do not take up issues for the first time on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). I agree with my colleagues we should apply the general rule.

Drivers contesting the Department of Revenue's suspension of their licenses for test refusals must, as a first step, go through a hearing in front of an administrative law judge on a comparatively limited evidentiary record. See K.S.A. 2017 Supp. 8-1020. At the administrative hearing, a driver may challenge whether the "law enforcement officer had reasonable grounds to believe [the driver] was operating . . . a vehicle while under the influence of alcohol or drugs, or both." K.S.A. 2017 Supp. 8-1020(h)(1)(A). That's the point Janda has pressed from the start. At the administrative hearing, Janda had to prove by a preponderance of the evidence that Wallace's reasons for his belief she was driving under the influence were "false or insufficient." See K.S.A. 2017 Supp. 8-1020(k).

14

Having lost in front of the administrative law judge, Janda filed a petition for review with the district court entitling her to a "trial de novo" at which the parties may offer a wider range of evidence than permitted at the administrative hearing. K.S.A. 2017 Supp. 8-1020(p). The district court proceedings are governed by the Kansas Judicial Review Act (KJRA), K.S.A. 77-601 et seq., to the extent the Act is consistent with the procedures outlined in K.S.A. 2017 Supp. 8-1020. See K.S.A. 2017 Supp. 8-1020(p). In the district court, Janda had "the burden to show that the decision of the [administrative law judge] should be set aside." K.S.A. 2017 Supp. 8-1020(q). That requirement dovetails with the KJRA. K.S.A. 2017 Supp. 77-621(a)(1) ("The burden of proving the invalidity of an agency action is on the party asserting invalidity."). Likewise, the "de novo trial" permitted in K.S.A. 2017 Supp. 8-1020 does not recast the substantive issues or the burden of proof. It simply provides a new evidentiary hearing—functionally a do-over—in which the district court neither owes deference to the administrative law judge's findings and conclusions nor treats the administrative record as evidence.

The upshot of those interlocking directives is that in the district court, Janda had to prove by a preponderance of the evidence that Wallace did not have reasonable grounds to conclude she had been driving her car under the influence of intoxicants. The district court had to consider the evidence from both Janda and the Department of Revenue in making that determination. If she were successful, then the district court would have to vacate the suspension order.

The issue, however, is atypical in that Janda, as the moving party, had the burden to prove a negative:  Wallace did *not* have reasonable grounds to conclude she was driving under the influence. Commonly, the moving party bears the burden of affirmatively proving a fact or some set of facts to prevail. For example, in a criminal prosecution, the State must prove the existence of the elements of the charged crime to convict. Similarly, a tort plaintiff has to prove the defendant breached a duty owed and

15

the breach caused a compensable injury. But there is nothing intrinsically improper about requiring a party to prove a negative proposition to win. It's just unusual in the law.

Here, the parties and the district court seem to have imposed the more common template on the proceedings and, thus, to have evaluated the evidence as if the Department of Revenue actually had the burden of proving Wallace's reasonable grounds. Framing the issue that way gives Janda an advantage she is not legally entitled to and makes the case seem closer than it otherwise might be. The error, of course, inures to Janda's benefit and, therefore, does not undercut the district court's adverse decision on the merits. It is, in a word, harmless as to Janda.

An officer's "reasonable grounds" under K.S.A. 2017 Supp. 8-1020(h)(1)(A) constitute the legal equivalent of "probable cause" to arrest for driving under the influence. *Forrest v. Kansas Dept. of Revenue*, 56 Kan. App. 2d 121, Syl. ¶ 4, ___ P.3d ___, 2018 WL 3321352 (2018). As the majority explains, probable cause entails circumstances that would lead a prudent person to reasonably believe someone, here Janda, has committed a crime, here driving under the influence. See *Sloop v. Kansas Dept. of Revenue*, 296 Kan. 13, 20, 290 P.3d 555 (2012). But, as I have said, Janda was obligated to prove Wallace *did not* have such a reasoned belief. And she had to do so with evidence presented to the district court during the trial de novo. The Department of Revenue had no obligation to offer evidence, let alone to prove anything. So if Janda faltered in her proof, the Department could prevail in the district court by doing nothing.

Falter Janda did. She testified briefly in the district court and offered the breath test result as the only other evidence to support her position. Janda told the district court she had knee replacement surgery about two months before Wallace stopped her and had foot surgery and repeated back surgeries apparently years earlier. But Janda offered no explanation about the surgeries or what physical limitations, if any, she had as a result of the surgeries or the residual effects of her underlying debilities. During the trial, Janda

16

acknowledged she takes some unidentified prescription medication daily because of her degenerative disc disease and did so on the day Wallace stopped her. She testified she could not recall if she told Wallace she had taken medication that day. None of that evidence somehow showed Wallace did not have reasonable grounds to believe Janda was driving under the influence.

The balance of Janda's testimony outlined her initial request for a blood test, Wallace's insistence she take a breath test, her refusal and reconsideration of the breath test, and Wallace's later request she also take a blood test. All of that testimony was irrelevant to the factual bases Wallace had for believing Janda was driving under the influence, since it bore on what happened after he arrested her.

In short, Janda failed to offer anything like a preponderance of evidence to show Wallace did not have reasonable grounds or probable cause to believe she was under the influence. To the contrary, Janda essentially presented no evidence calling into question the reasonableness of Wallace's conclusion. At best, the district court might have drawn some highly attenuated inference that Janda could have performed poorly on field sobriety tests because of her surgeries. But that would have been no more than airy speculation lacking evidentiary value, since Janda never described the tests, her performance on them, or any physical limitations she may have had.

Had the Department of Revenue rested without offering any evidence at the de novo trial, the district court properly would have ruled against Janda. The Department offered only Wallace's signed notice and certification of suspension, commonly known as a DC-27 form, as evidence. See K.S.A. 2017 Supp. 8-1002(b) (DC-27 form admissible without additional foundation). Wallace did not testify.

The representation in the DC-27 form generally supported Wallace's conclusion Janda may have been under the influence. Nothing in the DC-27 form substantially

17

undermined his determination. Wallace checked boxes on the form to indicate his reasonable grounds for believing Janda to be under the influence were: an odor of alcoholic beverages; alcoholic beverage containers in her car; "failed sobriety tests"; bloodshot eyes; poor balance or coordination; and "person stated alcohol/drugs consumed." Wallace left unchecked boxes for "slurred speech" and "difficulty in communicating." The descriptors for the boxes consist of brief generic phrases. So, for example, we have no idea from the DC-27 form what field sobriety tests Wallace administered to Janda or why he concluded she failed them. Nor do we know whether she admitted consuming alcohol, drugs, or both.[*]

[*]The DC-27 form has a place for the reporting officer to note if he or she relied on a failed preliminary breath test in concluding there were reasonable grounds to believe the driver was intoxicated. Wallace did not indicate he considered a failed preliminary breath test. In that respect, the form is ambiguous about whether Janda was even offered a preliminary breath test, refused a preliminary breath test, or passed a preliminary breath test. Janda said nothing about a preliminary breath test in her district court testimony.

Although I am unwilling to say the DC-27 form alone would have been sufficient to uphold the suspension of Janda's license had the Department of Revenue actually borne the burden of proof in the district court, that's not the proper legal test. Janda bore the burden proving Wallace had no reasonable grounds. She failed to marshal evidence satisfying that obligation. The decidedly conclusory and generic representations in the DC-27 didn't do her any good, but they didn't do the Department of Revenue any harm, either.

For those reasons, I concur in the decision to affirm the district court in upholding the suspension of Janda's driver's license.

18